IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL B. WILSON,

    Plaintiff,               No. CIV S- 04-464 LKK GGH P

    vs.

MARK IWASA, et al.,

    Defendants.      ORDER

/

        On January 11, 2005, plaintiff filed a document addressed to the undersigned and entitled "petitioner's request for reinstatement of filing." This civil rights action was dismissed, on November 30, 2004, for plaintiff's failure to keep the court apprised of his current address.

        By order filed July 14, 2004, the court granted plaintiff in forma pauperis status, found that plaintiff's original complaint stated a cognizable claim under 42 U.S.C. § 1983 and that service was appropriate upon defendants therein, Captain Mark Iwasa, Jail Commander; the Sacramento County Sheriff's Department and the County of Sacramento. Plaintiff was provided the applicable documents and forms and directed to return the documents and completed forms within thirty days. On July 26, 2004, because plaintiff had failed to keep the court apprised of his current address, the court's mail was returned, stating that plaintiff was "unknown" and the Sacramento County Jail was unable to forward it. On July 29, 2004, the

1  Sacramento County Sheriff's Department returned the court's order for the payment of plaintiff's
2  filing fee, indicating that plaintiff could not be located as an active inmate.
3       On September 28, 2004, the undersigned filed Findings and Recommendations
4  recommending dismissal of this action for plaintiff's failure to keep the court apprised of his
5  current mailing address, citing Local Rules 83-182(d) and 11-110. Plaintiff was informed that he
6  had twenty days to file his objections and that failure to do so timely might waive his right to
7  appeal the order of the district judge. The Findings and Recommendations were returned on
8  October 18, 2004.
9       On November 30, 2004, the district judge adopted the September 28, 3004
10 Findings and Recommendations, noting that although they were returned, plaintiff had been
11 properly served because it is his responsibility to keep the court apprised of his current address at
12 all and times and, pursuant to Local Rule 83-182(f), service of documents at the address of
13 record is fully effective.
14       In his request to this court to have his case re-opened, plaintiff avers that he took
15 "immediate action" on January 7, 2004, once he learned that his case had been closed. Request,
16 p. 1. He also claims that he prepared and delivered on May 22, 2004, an amended complaint and
17 notice of change of address to be mailed from the Sacramento County Jail on May 24, 2004.
18 Request, p. 2. The mailing was to be made by a named defendant in the amended complaint,
19 Sacramento County Sheriff's Deputy Tosca Riley, who was serving as the jail law librarian. Id.
20       Plaintiff was released as of May 24, 2004. Id. Plaintiff, thereafter, apparently
21 made no contact with the court to ascertain the status of the instant action until September 10,
22 2004, whereupon in a conversation with someone in this court's clerk's office, plaintiff was
23 allegedly erroneously informed that this case had been dismissed upon defendants' motion to
24 dismiss. Id. He was, however, accurately informed at that time that his change of address and
25 amended complaint were never received by the court and that mail to him had been returned to
26 him as undeliverable. Request, p. 3.

Several months later, on January 6, 2005, plaintiff, while reviewing case materials related to a state matter, discovered that his amended complaint[1] and notice of change of address dated May 22, 2004 had never been mailed, allegedly because Deputy Sheriff Riley believed she was not under an obligation to mail the documents on May 24, 2004 since plaintiff was released on that day.  Request, p. 3.

Upon making the discovery that his documents had never been mailed, only then did plaintiff come to this court and speak to a court clerk who correctly informed plaintiff that the case had been closed in November of 2004 and recommended that plaintiff take immediate action.  Request, p. 4.  Plaintiff also seeks appointment of counsel.

The court will construe plaintiff's request as an effort to re-open his case pursuant to Fed. R.Civ. P. 60(b).  Under Rule 60(b), relief from final judgment entered by order of this court may be sought.  Rule 60(b) of the Federal Rules of Civil Procedure provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move from a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

"Motions for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure are addressed to the sound discretion of the district court."  Allmerica Financial

---

[1] Plaintiff indicates that he signed the amended complaint on April 11, 2004 but did not submit it for mailing until May 22, 2004.

Life Insurance and Annunity Company v. Llewellyn,139 F.3d 664, 665 (9th Cir. 1997).

However, plaintiff must do more than simply make unsupported averments and must proceed to provide evidence to support a Rule 60(b) motion in order to warrant the consideration of this court. Although he has finally and belatedly submitted his notice of change of address, plaintiff does not submit any documentation in support of his claims. He neither submits the alleged amended complaint or, more to the point, the notice of change of address that he discovered and states was never mailed on May 24, 2004, along with a declaration signed under penalty of perjury setting forth the circumstances of his discovery. Plaintiff simply states that Deputy Riley did not mail the documents because of her belief that plaintiff should do so upon his release without providing the basis for his conclusion. Nor does he provide any affidavit of anyone in the office to which he claims the documents at issue were forwarded by the county jail that supports his assertions.

Most important, although plaintiff indicates that he was wrongly informed by this Clerk's Office that his case had been dismissed pursuant to a defense motion to dismiss, a motion of which he knew at that time that he had not received any notice, he was correctly informed that there had been no notice of change of address recorded and there had been mail directed to him from the court that had been returned because he had never seen it. Plaintiff makes no adequate explanation for his failure at that time to inform the court (which, of course, was prior to the actual dismissal of this action) that he had at least attempted to file a notice of change of address and that he had never received notice of any putative motion to dismiss. As of September 10, 2004, plaintiff was explicitly informed that his change of address notice had not been received or processed such that he certainly could have taken appropriate steps.

Plaintiff will be granted leave to file an appropriately supported motion pursuant to Fed. R. Civ. P. 60(b) within thirty days. Plaintiff's motion for appointed counsel in this closed case is denied.

\\\\\

Accordingly, IT IS ORDERED that:

1. Pursuant to plaintiff's January 11, 2005 "request for reinstatement of filing," plaintiff is granted leave to file a motion pursuant to Fed. R. Civ. P. 60(b), as set forth above, within thirty days; and

2. Plaintiff's January 11, 2005 motion for appointment of counsel is denied;

DATED: 7/12/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
wils0464.ord

Accordingly, IT IS ORDERED that:

1. Pursuant to plaintiff's January 11, 2005 "request for reinstatement of filing," plaintiff is granted leave to file a motion pursuant to Fed. R. Civ. P. 60(b), as set forth above, within thirty days; and

2. Plaintiff's January 11, 2005 motion for appointment of counsel is denied;

DATED: 7/12/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
wils0464.ord