1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL B. WILSON,

11              Plaintiff,                    No. CIV S- 04-0464 LKK GGH P

12        vs.

13   MARK IWASA, et al.,

14              Defendants.                   FINDINGS AND RECOMMENDATIONS
     _____/

15

16              By order filed on July 13, 2005, this court granted plaintiff thirty days to file a

17    motion for relief from judgment, pursuant to Fed. R. Civ. P. 60(b).  In that order, the court,

18   noting that this civil rights action was dismissed on November 30, 2004 for plaintiff's failure to

19   keep the court apprised of his current address, and judgment thereon entered, informed plaintiff

20   that he must do more than simply make unsupported averments.

21              The court will again set forth the background of this action:

22              By order filed July 14, 2004, the court granted plaintiff in forma
                pauperis status, found that plaintiff's original complaint stated a
23              cognizable claim under 42 U.S.C. § 1983 and that service was
                appropriate upon defendants therein, Captain Mark Iwasa, Jail
24              Commander; the Sacramento County Sheriff's Department and the
                County of Sacramento.  Plaintiff was provided the applicable
25              documents and forms and directed to return the documents and
                completed forms within thirty days.  On July 26, 2004, because
26              plaintiff had failed to keep the court apprised of his current

                                              1

address, the court's mail was returned, stating that plaintiff was "unknown" and the Sacramento County Jail was unable to forward it.  On July 29, 2004, the Sacramento County Sheriff's Department returned the court's order for the payment of plaintiff's filing fee, indicating that plaintiff could not be located as an active inmate.

On September 28, 2004, the undersigned filed Findings and Recommendations recommending dismissal of this action for plaintiff's failure to keep the court apprised of his current mailing address, citing Local Rules 83-182(d) and 11-110.  Plaintiff was informed that he had twenty days to file his objections and that failure to do so timely might waive his right to appeal the order of the district judge.  The Findings and Recommendations were returned on October 18, 2004.

On November 30, 2004, the district judge adopted the September 28, 3004 Findings and Recommendations, noting that although they were returned, plaintiff had been properly served because it is his responsibility to keep the court apprised of his current address at all and times and, pursuant to Local Rule 83-182(f), service of documents at the address of record is fully effective.

Order, filed on July 13, 2005, pp. 1-2.

In his prior request to this court to have his case re-opened, plaintiff stated that he had taken "immediate action" on January 7, 2004, once he had learned that his case had been closed, alleging that he prepared and delivered, on May 22, 2004, an amended complaint and notice of change of address to be mailed from the Sacramento County Jail on May 24, 2004. That mailing was to be made by a named defendant in the amended complaint, Sacramento County Sheriff's Deputy Tosca Riley, who was serving as the jail law librarian.

After plaintiff was released as of May 24, 2004, he apparently made no contact with the court until September 10, 2004 to determine the status of the instant action, at which time in a phone conversation with an unidentified individual in the Office of the Clerk of the Court, plaintiff was allegedly erroneously informed that this case had been dismissed upon defendants' motion to dismiss.  On that occasion, he was also informed, this time accurately, that his change of address and amended complaint were never received by the court and that mail to him had been returned to him as undeliverable.

\\\\\\

2

1   Not until several months later, on January 6, 2005, did plaintiff, while reviewing

2   case materials related to a state matter, discover that his amended complaint[1] and notice of

3   change of address, dated May 22, 2004, had never been mailed, allegedly because Deputy Sheriff

4   Riley believed she was not under an obligation to mail the documents on May 24, 2004 since

5   plaintiff was released on that day.

6   Having discovered that his documents had never been mailed, plaintiff came to

7   this court and spoke to a court clerk who correctly told him that this case had been closed in

8   November of 2004, recommending immediate action on plaintiff's part.[2]

9   The court informed plaintiff that in order to proceed in a motion under Fed. R.Civ.

10  P. 60(b), he must provide supporting evidence in order to warrant the consideration of this court,

11  such as the alleged amended complaint or the notice of change of address that he avers he

12  belatedly discovered was never mailed in May 2004, along with a declaration signed under

13  penalty of perjury setting forth the circumstances of his discovery.  The court informed plaintiff

14  that he should provide any supporting affidavit.  See Order, filed on July 13, 2005, pp. 3-4.

15  Finally, plaintiff was directed to make an adequate explanation for his failure to at

16  least attempt to file a notice of change of address and his failure to notify the court clerk that he

17  had never received notice of any putative motion to dismiss.  As of September 10, 2004, by his

18  own representation plaintiff was explicitly informed that his change of address notice had not

19  been received or processed.  Although he was also allegedly wrongly informed at that time that

20  the case had been dismissed, it was indicated to him that mail directed to him from the court had

21  been returned, which mail he had obviously never seen.  Id. at 4.

22  \\\\\

23

24  [1] Plaintiff indicates that he signed the amended complaint on April 11, 2004 but did not
    submit it for mailing until May 22, 2004.

25

26  [2] This additional background is paraphrased and summarized from the court's July 13,
    2005 order, pp. 2-3.

1            In his subsequent motion filed on August 12, 2005 in response to the court's

2 order, plaintiff states that he failed to update his address on September 10, 2004, because, upon

3 being informed that the case was dismissed, he believed the issue was rendered moot.  Motion,

4 filed on 8/12/05, pp. 1-2.  The court notes that he states that he was accompanied to the federal

5 court's Clerk's Office on September 10, 2004 by his mother and a "media reporter" named Dan

6 Visnich, at which time, plaintiff was informed, erroneously, before these witnesses that his case

7 had been dismissed.  Id., at pp. 1-2, 4.  However, in his earlier request, plaintiff explicitly stated

8 that he had been wrongly informed of the case dismissal through a telephone call on September

9 10, 2004 that he initiated to the Clerk's Office.  See Request, filed on 1/11/05, pp. 2-3.

10 Although he submits declarations under penalty of perjury from his mother and himself in

11 support of this later assertion, he has failed to secure one from his reporter witness, allegedly due

12 to his (the reporter's) being involved in a serious car accident.  Motion, Exhibit A, plaintiff's

13 declaration, p. 2; Exhibit D, Natalia Budilo dec.

14            Plaintiff makes no explanation about, or reference to, the fact that he initially

15 informed the court that he contacted the Clerk's Office by telephone only.   This raises some

16 question as to the credibility of plaintiff and his witness regarding plaintiff's contact with the

17 Clerk's Office on September 10, 2004.   Plaintiff asserts that in addition there was much activity

18 on a state court case in which he was a defendant representing himself in the period from May

19 24, 2004 to September 10, 2004.  Motion, p. 2.

20            Plaintiff states that in an amended filing, prepared between March 1, 2004 and

21 March 30, 2004, plaintiff made new allegations and also named as defendant Deputy Tosca

22 Riley, the jail law librarian, which became known to her on March 30, 2004, when she

23 confiscated plaintiff's legal materials.  Motion, p. 3.  In his original request, plaintiff had stated

24 that his amended complaint was prepared and delivered for mailing on May 22, 2004 to Deputy

25 Riley.  Request, p. 2.  He explains in his current motion that he was denied access to the jail law

26 library and to his legal mail from March 31, 2004 to April 5, 2005 and from April 6, 2004 until

1    May 23, 2004, due to the "self-serving" actions of Deputy Riley, which is the reason he was

2    unable to file the amended complaint on the date it was completed and signed.  Motion, p. 3.

3    (This does not, of course, explain why plaintiff states in his earlier filing that he delivered to

4    amended complaint on May 22, 2004 for filing to Deputy Tosca).  Plaintiff attaches as Exhibit B

5    to his present motion a complaint form dated April 5, 2004 and signed by plaintiff (which his

6    earlier filing indicates was dated April 11, 2004).  Named as defendants in the caption are Jail

7    Captain Mark Iwasa, Deputy Tosca Riley, and the Sacramento Sheriff's Department; identified

8    as defendants in the "parties" section are Deputy Riley and the Sacramento Sheriff's Dept.

9    Plaintiff's allegations center around Deputy Riley's actions; no reference is made to any other

10   individual defendant.

11         The allegations of the complaint begin with Deputy Riley's employment at the

12   Sacramento County Main Jail in April of 2003.  Plaintiff claims that on April 11, 2003, Riley

13   searched his cell while he, a pretrial detainee, was out to court, confiscating plaintiff's "hiliter"

14   pen for which he had permission, as well as audio and videotapes related to plaintiff's defense in

15   his criminal case, about which she did not inform plaintiff and for which she refused to provide a

16   custody receipt.  Exhibit B, pp. 3-4.

17         Plaintiff then sets forth subsequent incidents wherein Riley confiscated and

18   attempted to confiscate plaintiff's legal materials without providing a custody receipt.  In May of

19   2003, Riley falsely claimed that plaintiff had cursed at and threatened a visitor, after which he

20   refused to lock down and was subjected to a three-day lockdown.  A follow up investigation with

21   the visitor, who was plaintiff's mother, disproved Riley's accusations.  Several inmate witnesses

22   heard Riley state that her write-up was because plaintiff had written her up, i.e., her action was

23   retaliatory.   His appeal of the incident received no response.  Id., p. 4.

24         From September 2003 to February 2004, in his occasional contact with Riley at

25   the law library, she refused plaintiff his "in pro per" rights in a civil action where plaintiff herein

26   was a defendant; she also refused him a 42 U.S.C. § 1983 packet.  Plaintiff filed several related

1 grievances.  Id.

2      On February 10, 2004, plaintiff became a defendant in pro per "again" on a

3 criminal case; on Feb. 26, 2004, Riley had a sheriff's deputy, Roberts, not identified as an

4 individual defendant, search for a highlighter pen but no contraband was found.  Plaintiff had

5 filed a motion re: library access to be heard on Feb. 27, 2004.  Exhibit B, p. 5.

6      Plaintiff was informed on Feb. 27, 2004  by Deputy Roberts that Riley had

7 received six boxes of discovery which would be turned over to him after they had been searched

8 for contraband.  When the six boxes were turned over to plaintiff on March 1, 2004, supposedly

9 free of contraband with Riley providing a receipt of custody, the boxes were found by plaintiff to

10 include two highlighter pens and two blue ink pens.  On March 15, 2004, an additional

11 highlighter along with colored paper for exhibits provided by his family was taken by Riley for

12 use in the library with a comment indicating she was aware of the other pens he had.  Id.

13      While, on March 24, 2004, plaintiff was in the library doing research, Riley called

14 plaintiff "a prick, an asshole, and a stalker," divulging information from his criminal case which

15 she had read.  The incident was overheard by other inmates.  On March 25, 2004, plaintiff wrote

16 Riley a letter asking her to "stop her discriminatory harassment...."  On March 30, 2004, Riley

17 initiated another search of plaintiff's cell for two hours, wherein some of plaintiff's legal material

18 was taken and/or destroyed; some of the documents taken were a complaint and motions

19 regarding Riley.  Exhibit B, pp. 6-7.

20      Riley wrote plaintiff up, making false statements in an incident report, the

21 allegations of which plaintiff was later found not guilty, except for possession of extra socks

22 which were found incidental to an "unjustified search."   Plaintiff was placed in lock down for

23 seven days. Id. at 7.

24      On April 5, 2004, Riley was hostile to plaintiff regarding his filing a complaint

25 about her, acknowledging that she was "unlawfully" in possession of certain of plaintiff's items.

26 Plaintiff requested the return of his 42 U.S.C. § 1983 complaint, naming Riley as a defendant,

1  which she refused to return.  The instant amended complaint was a second one plaintiff

2  composed.  Riley became enraged when she found plaintiff had been found "not guilty" on her

3  prior write-up of him, threw a box of his legal papers at him, damaging some of his legal filings,

4  screaming at plaintiff and "assaulting" him in front of people in the library.  She threatened

5  plaintiff with retribution, which plaintiff reported.  Id. at 8.

6        Thereafter, plaintiff states that Riley "subsequently" refused him law library

7  access and refused to file his motions, while lying and saying that she had.  Id.

8        The court observes that with respect to this last allegation that while plaintiff

9  states that his amended complaint was completed and signed on April 5, 2004 (at least in his

10  latest motion), he has also included actions that could not have occurred until after that day.

11  Specifically, plaintiff separately asserts in his declaration that he did not learn until January 6,

12  2005 that his amended civil rights complaint and notice of change of address had not been sent to

13  the court.  Exhibit A, plaintiff's dec., p. 2.  (Of course, as set forth above in his prior January 11,

14  2005 request, plaintiff had stated that he had been informed as of September 10, 2004 that his

15  notice of change of address and amended complaint had not been received).

16        Plaintiff includes a letter, with an accompanying declaration, from a private

17  investigator, Paul R. Christensen, setting forth that plaintiff received for the first time, on January

18  6, 2005, materials sent by Jail Law Librarian Riley to a prior investigator assigned to plaintiff's

19  state case, which included, inter alia, exculpatory evidence never provided to him with relation to

20  his criminal case and a sealed envelope without postage, which, when opened, contained

21  plaintiff's instant amended complaint and a change of address form.  Exhibit C, Christensen

22  8/11/05 dec. & 1/7/05 letter.  Investigator Christensen also sets forth other related alleged

23  misconduct by Deputy Riley.

24        Under Rule 60(b), relief from final judgment entered by order of this court may be

25  sought.  Rule 60(b) of the Federal Rules of Civil Procedure provides in relevant part:

26  \\\\\

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move from a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

"Motions for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure are addressed to the sound discretion of the district court."  Allmerica Financial Life Insurance and Annuity Company v. Llewellyn,139 F.3d 664, 665 (9th Cir. 1997).

Plaintiff's motion appears to be based on Rule 60(b)(1) and/or 60(b)(3) grounds, that is, on his mistake in failing to properly monitor his case based at least on some degree on misinformation provided to him by an unidentified court clerk, either in person or by phone, on September 10, 2004 and, on the basis of a misrepresentation by the adverse party, Deputy Riley, that she had filed his documents properly.  As noted, the court finds troubling that plaintiff is not consistent in his presentation of the manner by which he garnered the erroneous information from the court clerk; nor does it seem reasonable to the court that if, in fact, plaintiff gathered the information about the status of his case in person, that he would not have reviewed the file to verify the filings and the dismissal at that time, whereupon he would have discovered that his case was not yet dismissed.  Even having been telephonically informed of a dismissal of an action based on a motion to dismiss he had never seen should have concerned plaintiff enough to review the file personally, if the matter was of sufficient importance to him, regardless of other cases involving his attention at the time.

\\\\\

1    In addition, it somewhat strains credulity that plaintiff operated in complete

2    reliance on the actions or representations of the very individual, whose motivations and conduct

3    he had every reason to doubt according to his amended complaint, that the materials at issue

4    would be properly filed, particularly at almost the same time that he was being released from

5    custody and particularly when she was the named individual defendant in that action.  While her

6    failure to file the amended complaint and notice of change of address are nonetheless inexcusable

7    if true, it simply makes no sense that plaintiff would not have verified the court's receipt of those

8    documents upon his release from the jail.

9    However, despite the court's misgivings and plaintiff's inconsistencies, plaintiff

10   appears to have concluded his case was dismissed in arguably good faith based upon

11   misinformation from a clerk in this court, and this court will therefore reluctantly recommend

12   that plaintiff be granted relief from the judgment in this matter and will further recommend that,

13   within thirty days after adoption of these findings and recommendations, that plaintiff be required

14   to file a second amended complaint wherein he sets forth each defendant against whom he

15   intends to proceed and sufficiently links each to a constitutional deprivation.

16   Accordingly, IT IS RECOMMENDED that:

17   1.  Plaintiff's August 12, 2005 motion pursuant to Fed. R. Civ. P. 60(b), for relief

18   from judgment be granted and this case be re-opened; and

19   2.  Plaintiff be directed to file a second amended complaint within thirty days

20   from the time relief from judgment is granted by the district judge, if that occurs.

21   \\\\\

22   \\\\\

23   \\\\\

24   \\\\\

25   \\\\\

26   \\\\\

1        These findings and recommendations are submitted to the United States District

2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

3  days after being served with these findings and recommendations, any party may file written

4  objections with the court and serve a copy on all parties.  Such a document should be captioned

5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

6  shall be served and filed within ten days after service of the objections.  The parties are advised

7  that failure to file objections within the specified time may waive the right to appeal the District

8  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

9  DATED: 11/14/05

10

11                              /s/ Gregory G. Hollows

12                              GREGORY G. HOLLOWS
                                UNITED STATES MAGISTRATE JUDGE

13  GGH:009
    wils0464.fr